DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE BANK OF NOVA SCOTIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2016-77 |
| | ) |
| OMAR BROWN JR., JU-ANA BROWN, | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**APPEARANCES:**

**Claire Tagini**
**Matthew Reinhardt**
Quintairos, Prieto, Wood, & Boyer, P.A.
Miami, FL
    *For The Bank of Nova Scotia,*

**Jocelyn Hewlett, Acting United States Attorney**
**Sansara Adella Cannon, AUSA**
United States Attorney's Office
St. Thomas, VI
    For *the Internal Revenue Service.*

**AMENDED JUDGMENT**[1]

**GÓMEZ, J.**

Before the Court are the motions of The Bank of Nova Scotia for (1) default judgment against Omar Brown, Jr., and Ju-Ana

---

[1] The Court entered judgment in this matter on August 3, 2017. In directing the application of proceeds from the foreclosure sale, that judgment inadvertently omitted the Internal Revenue Service's tax lien. That oversight has been corrected in this Amended Judgment.

Brown; and (2) summary judgment against The United States Department of Treasury, Internal Revenue Service.

## I.     FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Omar Brown, Jr. ("Omar Brown"), and Ju-Ana Brown (collectively, the "Browns") are the record owners of property described as "Parcel No. 13B-2 and 13B Remainder Estate Dorothea, No. 7 Little Northside Quarter, St. Thomas, U.S. Virgin Islands" (the "Property").
2. Omar Brown is a competent adult and is not on active duty for any branch of the United States Uniformed Services.[2]
3. Ju-Ana Brown is a competent adult and is not on active duty for any branch of the United States Uniformed Services.[3]
4. On or about August 18, 2003, the Browns borrowed $497,000 from The Bank of Nova Scotia ("BNS").

---

[2] BNS submitted an affidavit from the Department of Defense, Manpower Data Center, indicating that Omar Brown has never been on active duty for any branch of the United States Uniformed Services. BNS submitted an affidavit from its attorney indicating that Omar Brown is competent and over the age of 18.

[3] BNS submitted an affidavit from the Department of Defense, Manpower Data Center, indicating that Ju-Ana Brown has never been on active duty for any branch of the United States Uniformed Services. BNS submitted an affidavit from its attorney indicating that Ju-Ana Brown is competent and over the age of 18.

5. On August 18, 2003, the Browns executed and delivered a promissory note (the "Note") to BNS in which they promised to pay BNS the principal sum of $497,000, plus interest at a rate of 5.5% per annum in monthly installments of $2,821.91 beginning October 1, 2003. The Note also provides that any debt remaining on the loan amount as of September 1, 2008, shall become due and payable on September 1, 2008.

6. On August 18, 2003, the Browns delivered to BNS a real estate mortgage (the "Mortgage") encumbering the Property. The Mortgage is attached to the Property. The Mortgage's terms give BNS the right to foreclose on the Property in the event of a default on the Note.

7. The Mortgage provides that BNS could, without notice, accept a payment on the Note after the payment's due date and extend payment due dates.

8. On August 18, 2003, the Mortgage was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2003006178.

9. The United States Department of Treasury, Internal Revenue Service ("IRS") holds a tax lien in the amount of $11,793.94 on the Property.

10. On May 18, 2016, the IRS's tax lien on the Property was recorded at the Office of Recorder of Deeds for the

>  District of St. Thomas and St. John as Document Number 2016003148.

11. When the principal on the Note became due on September 1, 2008, the Browns were still indebted to BNS.

12. The Browns failed to pay back the principal and were in default under the terms of the Note and Mortgage.

13. The Browns continued to make payments, which were accepted by BNS, until July 1, 2013.

14. On July 1, 2013, the Browns ceased making monthly payments on the Note.

15. The Browns have failed to make the required payment of principal and interest to BNS as required by the Note and Mortgage.

16. On May 16, 2016, BNS provided the Browns notice of default and demanded payment.

17. BNS initiated this action against the Browns to enforce the terms and conditions of the Note and Mortgage.

18. The IRS was joined in the action.

19. The IRS was served and filed an answer to BNS's complaint.

20. The IRS does not oppose BNS's motion for default judgment and summary judgment.

21. On August 19, 2016, Ju-Ana Brown was personally served with the complaint in this action.

22. On September 16, 2016, Omar Brown was personally served with the complaint in this action.

23. The Browns have not filed an answer to BNS's complaint. On December 12, 2016, the Clerk of Court entered default against the Browns.

24. The Browns are in default on the Note. As of July 5, 2017, the Browns are in debt to BNS in the principal amount of $438,818.21; plus interest on the Note in the amount of $81,634.14; escrow advances of $37,243.03; late charges of $6,356.24; and a recoverable balance of $622.50. The total amount of the Browns' indebtedness to BNS is $564,674.12.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL

2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or ... vague statements ...." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The facts found by the Court establish each of the elements for a debt and foreclosure claim.

"When determining the priority of liens, the Virgin Islands is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*, No. 2012-0009, 2016 U.S. Dist. LEXIS 13498, at *18 (D.V.I. Feb. 4, 2016). As such, an earlier recorded instrument takes priority over a latter filed instrument. *See Moco Inves., Inc. v. United States*, 362 Fed App'x 305, 309 (3d

Cir. 2010). BNS recorded its mortgage on the Property before any other liens were recorded against the Property.

The premises considered, it is hereby

**ORDERED** that BNS's motion for summary judgment is **GRANTED**; it is further

**ORDERED** that BNS's motion for default judgment is **GRANTED**; it is further

**ORDERED** that BNS shall recover from the Browns the principal amount of $438,818.21; plus interest on the Note in the amount of $81,634.14; escrow advances of $37,243.03; late charges of $6,356.24; and a recoverable balance of $622.50. Interest continues to accrue on the principal at a rate of 5.5% per annum from July 5, 2017, until August 3, 2017; it is further

**ORDERED** that the IRS shall recover from the Browns the sum of $11,793.94; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the IRS's tax lien is a second priority lien; it is further

**ORDERED** that the Mortgage, and any liens subsequent to it are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale,

including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code. Second, the proceeds of such sale shall be applied toward satisfaction of this Judgment in favor of BNS, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by BNS for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Third, the proceeds of such sale shall be applied toward the satisfaction of the IRS's tax lien. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set

out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b. BNS may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c. The terms of the sale as to all other persons or parties bidding shall be cash.

    d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

    e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. BNS shall have any and all writs necessary to execute the terms of this Judgment.

4. The Browns shall be liable to BNS for any deficiency remaining after the sale of the Property.

                                           **S\\_____**
                                               **Curtis V. Gómez**
                                             **District Judge**

*The Bank of Nova Scotia v. Omar Brown, Jr., et al.*
Civ. No. 2016-77
Judgment
Page 11