```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

THE BANK OF NOVA SCOTIA,       )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil No. 2016-77
                               )
OMAR BROWN JR., JU-ANA BROWN,  )
INTERNAL REVENUE SERVICE,      )
                               )
          Defendants.          )
                               )
```

APPEARANCES:

**Claire Tagini**
**Matthew Reinhardt**
Quintairos, Prieto, Wood, & Boyer, P.A.
Miami, FL
   *For The Bank of Nova Scotia,*

**Jocelyn Hewlett, Acting United States Attorney**
**Sansara Adella Cannon, AUSA**
United States Attorney's Office
St. Thomas, VI
   For *the Internal Revenue Service.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of The Bank of Nova Scotia for attorney's fees and costs.

### I.   FACTUAL AND PROCEDURAL HISTORY

Omar Brown, Jr., and Ju-Ana Brown (collectively, the "Browns") were the record owners of certain real property (the "Property"). On or about August 18, 2003, the Browns borrowed $497,000 from The Bank of Nova Scotia ("BNS"). On August 18,

2003, the Browns executed and delivered a promissory note (the "Note") to BNS in which they promised to pay BNS $497,000. On August 18, 2003, the Browns delivered to BNS a real estate mortgage (the "Mortgage") encumbering the Property. The Mortgage was attached to the Property. The Mortgage's terms gave BNS the right to foreclose on the Property in the event of a default on the Note.

When the principal on the Note became due, the Browns were still indebted to BNS. The Browns failed to pay back the principal and were in default under the terms of the Note and Mortgage.

On May 16, 2016, BNS provided the Browns notice of default and demanded payment. The Browns failed to make payment as demanded. BNS initiated this action against the Browns to enforce the terms and conditions of the Note and Mortgage. The Browns did not file an answer to BNS's complaint. On December 12, 2016, the Clerk of Court entered default against the Browns.

On May 1, 2017, BNS moved for default judgment against the Browns. On August 3, 2017, the Court granted the motion for default judgment and entered judgment in favor of BNS.

On August 17, 2017, BNS filed a motion for attorney's fees and costs. BNS sought $5,646 in attorney's fees along with $1,778.50 in costs. The Court referred the motion to the Magistrate Judge for a Report and Recommendation.

On March 9, 2018, the Magistrate issued a Report and Recommendation on BNS's motion for attorney's fees and costs. The Magistrate recommended awarding BNS $2,666 in attorney's fees and $281 in costs.

With respect to attorney's fees, the Magistrate found "that BNS has not met its burden of showing all the fees sought are reasonable." ECF No. 29 at 5. First, BNS sought fees it described as "30% flat fee for foreclosure--file referral received," "50% allowable--complaint filed," and "70% allowable--service complete." *See* ECF No. 23, Exh. 2 at 1. BNS did not explain the meaning of these entries, and the Magistrate recommended disallowing those fees.

Second, BNS requested fees for .8 hours of work related to electronically filing two documents on December 21, 2016, and .8 hours of work related to electronically filing two documents on December 27, 2017. The Magistrate found this charge excessive and recommended reducing those fees by 50%.

Third, BNS requested fees for 1.9 hours of work related to preparing and filing a Rule 7.1 disclosure. No Rule 7.1 disclosure appeared on the docket, and the Magistrate recommended excluding those fees.

Fourth, BNS requested fees for 4 hours of work related to preparing for and attending two status conferences, neither of

which exceeded 10 minutes. The Magistrate recommended reducing these fees by 50%.

Fifth, BNS requested fees for 1.5 hours of work related to preparing a transmittal letter and 3 hours of work related to preparing a "two-page bare bones discovery memorandum." *See* ECF No. 29 at 5-6. The Magistrate found these fees excessive and recommended awarding BNS fees for .75 hours of work for the preparation of the transmittal letter and 1 hour of work for the preparation of the discovery memorandum.

Sixth, BNS sought $322.50 in fees for work related to preparing its motion for attorney's fees and costs. The Magistrate recommended denying these costs.

With respect to costs, BNS sought reimbursement for $822.50 for "anticipated costs." Id. at 7. The Magistrate recommended denying these costs.

On March 23, 2018, BNS filed an objection to the Report and Recommendation. BNS raises three objections. First, with respect to the fees described as "30% flat fee for foreclosure--file referral received," "50% allowable--complaint filed," and "70% allowable--service complete," ECF No. 23, Exh. 2 at 1, BNS argues that these fees represent "flat rate billing milestones" used "for uncontested foreclosure actions," which represent several legal services performed." *See* ECF No. 30 at 1-2.

Second, with respect to the four hours of work related to preparing and attending two status conferences, BNS argues that "[p]reparation time is essential to ensuring that the status conference is productive and counsel is prepared to discuss all issues that may be raised." *Id.* at 3.

Third, with respect to the time required for preparation of the transmittal letter and discovery memorandum, BNS asserts that, in order to complete each of these documents, BNS was required to complete several discrete tasks. The time requested was reasonable, BNS argues, based on the time required to complete the tasks.

## II. **DISCUSSION**

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an

objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

### III. <u>ANALYSIS</u>

The Magistrate recommended denying fees BNS described as "30% flat fee for foreclosure--file referral received," "50% allowable--complaint filed," and "70% allowable--service complete," ECF No. 23, Exh. 1 at 1, because BNS failed to explain what these fees were. In its objection, BNS asserts for the first time that these fees represent reasonable flat fees charged for the completion of several required tasks.

When a party raises an argument or presents new evidence for the first time in an objection to a report and recommendation, a district court may exercise its discretion to disregard it. *See, e.g.*, *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." (internal quotation marks omitted)); *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) ("[T]he Magistrate Judge Act permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. (citation omitted)). The Court will decline to consider this new argument. Based on the record before the Magistrate, the Court finds no error in the recommendation to deny these costs.

The Magistrate also recommended reducing by 50% fees for 4 hours of work related to preparing for and attending two status conferences. BNS argues that these fees were reasonable because BNS was required to be "prepared to discuss all issues that may be raised." *See* ECF No. 30 at 3. BNS does not explain what issues it expected might arise at the status conferences. Without more detail, the Court finds no error in the recommendation to reduce the requested fees by 50%.

Finally, the Magistrate recommends reducing the fees requested for to time preparing the transmittal letter and discovery memorandum. BNS argues that this time represented more than the time required to draft those documents, but actually reflected the time required to complete several discrete tasks.

If a fee petition is not sufficiently specific, then the court cannot "determine if the hours claimed are unreasonable for the work performed." *Washington v. Philadelphia Cnty. Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996). As such, the lumping of activities in this way is disfavored. *See Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co.*, 754 F. Supp. 459, 463 n.6 (D.V.I. 1991). Given this concern, the Court finds no error in the Magistrate's recommendation to reduce these fees.

The Court agrees with the Magistrate's remaining recommendations with respect to attorney's fees. The Court also agrees with the Magistrate's recommendations with respect to costs.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 29 is **ADOPTED**; it is further

**ORDERED** that the motion for attorney's fees and costs docketed at ECF Number 23 is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that BNS the Browns shall be liable to BNS for attorney's fees in the amount of $2,666.00; and it is further

**ORDERED** that the Browns shall be liable to BNS for costs in the amount of $281.00 in costs.

S\_____
**Curtis V. Gómez**
**District Judge**